## Travaglia v. Weinel

*Andrew G. Uncapher*, for plaintiffs.

*Marquis M. Smith*, for defendants.

SCULCO, J., June 12, 1958.—Plaintiffs and defendants are owners of certain lots in the Plan of Chambers, in Washington Township, Westmoreland County, which plan was laid out by John B. Chambers et al. in May 1887. Defendants own lot no. 85 in said plan, which is bounded on the south by Chambers Avenue and on the east by Fourth Street as shown in said plan. Defendants erected a fence obstructing passage over Fourth Street as shown on said plan, and plaintiffs filed a bill in equity on April 27, 1951, wherein it is contended that Fourth Street as shown on said plan is designated as a public street and dedicated for public use, and that it has been used by the public for a period of more than 50 years. Plaintiffs pray for an injunction, restraining defendants from obstructing, banning or otherwise interfering with plaintiffs' access to and passage over said Fourth Street.

Defendants filed preliminary objections to plaintiff's bill and after the same were sustained by the court, plaintiffs were granted an opportunity to amend their complaint and did so amend it. Defendants again filed preliminary objections to the amended bill for an injunction and after argument and due consideration, the court dismissed the preliminary objections. Defendants answered the amended bill of plaintiffs and a hearing was scheduled.

After a hearing on the merits, the court decreed that plaintiffs' bill of complaint be dismissed after making findings of fact and conclusions of law, in a decree nisi filed on November 12, 1957, which decree was to

become absolute in 20 days, if no exceptions were filed thereto.

On January 28, 1958, plaintiffs filed a petition to allow the filing of exceptions nunc pro tunc to the conclusions of law, decree nisi and final decree heretofore entered by the court in this case. The matter is presently before the court on the petition of plaintiffs to allow the filing of exceptions nunc pro tunc to the conclusions of law, decree nisi and final decree heretofore entered.

It is the contention of plaintiffs that the dismissal of plaintiffs' complaint was based on a mistaken application of the Act of May 9, 1889, P. L. 173, 36 PS §1961, which affects the property rights of land owners on a street which has not been opened for a period of more than 21 years, and where it has not been dedicated to public use during such period or accepted by the municipality, and that the beforesaid act does not affect the private right of plaintiffs as lot owners in their private use of the unopened street.

In a review of the findings of fact, discussion, conclusions of law and decree nisi filed on November 12, 1957, and counsel's brief, it is evident that plaintiffs' private rights to the use of the unopened streets were neither called to the attention of the court nor considered by the court.

Private property rights are entitled to protection and the court is of the opinion that the granting of leave to file exceptions nunc pro tunc is justifiable in order to protect such rights.

And now, to wit, June 12, 1958, after argument and after due and careful consideration, it is ordered, adjudged and decreed that plaintiffs be and they are hereby granted leave to file exceptions nunc pro tunc within 20 days to the conclusions of law, decree nisi and final decree heretofore entered in this case by the court.